[No. D052768. Fourth Dist., Div. One. May 8, 2009.]

H.S., Plaintiff and Appellant, v.
N.S. et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of Detailed Factual and Procedural Background and part II.

Counsel

Suppa, Trucchi & Henein, Teresa Trucchi, James J. Blackburn for Plaintiff and Appellant.

No appearance for Petitioner.

No appearance for Defendants and Respondents.

Opinion

**HALLER, J.**—In this appeal, H.S. (Father) challenges a family court order which (1) awards permanent sole physical and legal custody of his daughter, E.S. (E.), to Father's brother and sister-in-law, N.S. and D.S. (Uncle and Aunt), and (2) allows Father supervised visitation with his daughter, with the supervised aspect to be lifted upon concurrence of Father's and E.'s therapists. Father raises constitutional challenges to Family Code[1] section 3041, the statute that governs custody disputes between a parent and a nonparent. In the published portion of this opinion, we reject the constitutional challenges. Father also challenges the merits of the trial court's rulings. In the unpublished portion of this opinion, we reject these challenges. Accordingly, we affirm the order.

*Factual and Procedural Summary*

This appeal arises from a custody dispute between Father and Uncle and Aunt. The biological mother, K.S. (Mother), is not involved in the proceedings on appeal. Uncle and Aunt were E.'s primary caretakers essentially from birth. Father paid child support and visited E. at the Uncle and Aunt's residence, and became more involved in parenting as E. grew older. The family court became involved early in E.'s life when Mother filed a motion to determine custody. In the early stages of the proceedings, Father agreed that E. should stay in the stable home provided by Uncle and Aunt, and the trial court consistently ordered that E.'s primary residence be with Uncle and Aunt. When Father began demonstrating a parenting style that caused Uncle and Aunt to have concerns for the child's well-being, they requested that he participate in mediation to resolve these disputes. Father refused, and instead petitioned the court for custody. This is the custody petition at issue in the order currently before us for review.

At the time of the most recent proceedings, E. was five years old. The professionals involved in the case concurred that Father was not prepared to

---

[1] Subsequent statutory references are to the Family Code unless otherwise specified.

assume full custody, and that it would be detrimental to move E. from Uncle and Aunt's home. At the custody hearing, Father conceded that a complete switch in custody was premature, but requested that he be given joint legal and physical custody with unsupervised custodial time, and that a review hearing be set to reevaluate the custodial arrangement. The trial court declined his request, finding that E.'s need for a permanent, stable situation was paramount and that it was necessary to end the "tug of war" between her caretakers about her upbringing. Accordingly, the court issued a permanent custody order awarding sole legal and physical custody to Uncle and Aunt, and supervised visitation to Father, with the supervision aspect subject to removal upon the concurrence of E.'s and Father's therapists. Father challenges this ruling on appeal.

## DETAILED FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I. *Constitutionality of Section 3041*

██ Section 3041 provides that before granting custody of a child to a nonparent over the objection of a parent, the court must find that custody to a parent would be detrimental to the child and that custody to the nonparent is in the best interest of the child. (§ 3041, subd. (a).) The finding of detriment must be supported by clear and convincing evidence, but it does not require a showing of parental unfitness. (§ 3041, subds. (b), (c).) Section 3041 further provides that if a preponderance of the evidence shows a nonparent has assumed the parental role for a substantial period of time by providing a stable home where the child's physical and emotional needs are met (i.e., a de facto parent), this establishes the required showing that nonparental custody is in the best interest of the child and that parental custody would be detrimental. (§ 3041, subds. (c), (d).) However, a parent may refute the evidence supporting custody with a de facto parent by showing by a preponderance of the evidence that there would be no detriment from parental custody and that nonparental custody is not required to serve the best interest of the child. (§ 3041, subd. (d).)[10]

Thus, under section 3041, subdivision (d), a showing of de facto parent status creates a rebuttable presumption that it would be detrimental to place

---

*See footnote, *ante*, page 1131.

[10] Section 3041 states in relevant part:

"(a) Before making an order granting custody to a person or persons other than a parent, over the objection of a parent, the court shall make a finding that granting custody to a parent

the child in the custody of a parent and the best interest of the child requires nonparental custody. As explained in *Guardianship of L.V.* (2006) 136 Cal.App.4th 481, 491 [38 Cal.Rptr.3d 894], section 3041, subdivision (d) reflects a legislative assessment that " 'continuity and stability in a child's life most certainly count for something' " and "in the absence of proof to the contrary, removing a child from what has been a stable, continuous, and successful placement is detrimental to the child."

■ Father argues that section 3041 is unconstitutional because it allows nonparental custody (1) based on a preponderance of the evidence standard of proof rather than a clear and convincing evidence standard of proof, and (2) without requiring a finding of parental unfitness. We reject both arguments. As we shall explain, section 3041 requires clear and convincing evidence of detriment to the child to award custody to a nonparent, which showing of detriment may be established by a rebuttable presumption in cases involving de facto parents. Further, in cases involving nonparental custody, the detriment requirement is imposed in addition to the best interest of the child requirement. These standards and criteria represent an appropriate balancing of the competing interests involved in nonparental custody cases and do not run afoul of the Constitution.

### A.  *Standard of Proof*

■ Parents have a constitutional right to due process of law before the state may interfere with their parental rights. (See *Santosky v. Kramer* (1982) 455 U.S. 745, 753–754 [71 L.Ed.2d 599, 102 S.Ct. 1388].) " '[D]ue process is flexible and calls for such procedural protections as the particular situation demands.' " (*Mathews v. Eldridge* (1976) 424 U.S. 319, 334 [47 L.Ed.2d 18, 96 S.Ct. 893].)

■ To determine whether a procedure satisfies due process, the courts balance three factors: (1) the interest affected by the proceeding; (2) the risk

---

would be detrimental to the child and that granting custody to the nonparent is required to serve the best interest of the child. . . .

"(b) Subject to subdivision (d), a finding that parental custody would be detrimental to the child shall be supported by clear and convincing evidence.

"(c) As used in this section, 'detriment to the child' includes the harm of removal from a stable placement of a child with a person who has assumed, on a day-to-day basis, the role of his or her parent, fulfilling both the child's physical needs and the child's psychological needs for care and affection, and who has assumed that role for a substantial period of time. A finding of detriment does not require any finding of unfitness of the parents.

"(d) Notwithstanding subdivision (b), if the court finds by a preponderance of the evidence that the person to whom custody may be given is a person described in subdivision (c), this finding shall constitute a finding that the custody is in the best interest of the child and that parental custody would be detrimental to the child absent a showing by a preponderance of the evidence to the contrary."

of an erroneous deprivation of the interest created by the state's chosen procedure; and (3) the countervailing interest supporting use of the challenged procedure. (*Santosky v. Kramer, supra*, 455 U.S. at p. 754; *Mathews v. Eldridge, supra*, 424 U.S. at p. 335.) One component of procedural due process is the standard of proof used to support the deprivation. The standard of proof must satisfy " 'the constitutional minimum of "fundamental fairness." ' " (*Santosky v. Kramer, supra*, at p. 756, fn. 8.)

As explained in *Santosky*: "[T]he minimum standard of proof tolerated by the due process requirement reflects not only the weight of the . . . interests affected, but also a societal judgment about how the risk of error should be distributed between the litigants." (*Santosky v. Kramer, supra*, 455 U.S. at p. 755.) When the preponderance of the evidence standard of proof is used, the risk of an erroneous deprivation of the interest is shared "in roughly equal fashion" between the parties. (*Addington v. Texas* (1979) 441 U.S. 418, 423 [60 L.Ed.2d 323, 99 S.Ct. 1804].) The clear and convincing standard represents an intermediate standard that reduces the risk to one litigant by increasing the other litigant's burden of proof. (*Id.* at p. 424.)

Two competing rights are at issue when a trial court must decide custody issues in a proceeding involving a parent and a de facto parent. Parents have a fundamental right to custody of their children. (*Santosky v. Kramer, supra*, 455 U.S. at p. 753.) Consistent with this right, the courts apply a "parental preference doctrine" which provides that parents generally have the right to custody of their children over a third party. (*In re B. G.* (1974) 11 Cal.3d 679, 693–694 & fn. 23 [114 Cal.Rptr. 444, 523 P.2d 244].) However, this right is not absolute and must be balanced against a child's "fundamental right . . . to 'have a placement that is stable [and] permanent.' " (*In re Jasmon O.* (1994) 8 Cal.4th 398, 419 [33 Cal.Rptr.2d 85, 878 P.2d 1297]; see *In re Marilyn H.* (1993) 5 Cal.4th 295, 306 [19 Cal.Rptr.2d 544, 851 P.2d 826]; *Guardianship of Zachary H.* (1999) 73 Cal.App.4th 51, 64 [86 Cal.Rptr.2d 7]; *In re Bridget R.* (1996) 41 Cal.App.4th 1483, 1504, 1506–1507 [49 Cal.Rptr.2d 507]; *Guardianship of L.V., supra*, 136 Cal.App.4th at p. 495; *Fish v. Fish* (2008) 285 Conn. 24 [939 A.2d 1040, 1055] ["[W]hen 'the child's interest no longer coincides with that of the parent . . . the magnitude of the parent's right to family integrity' is diminished . . . ."]; see also *In re Vincent M.* (2007) 150 Cal.App.4th 1247, 1265–1266 [59 Cal.Rptr.3d 321].)[11] Father's challenge to the standard of proof procedures set forth in section 3041

[11] We note there is a dispute in the appellate courts, arising in the context of cases concerning the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.), as to whether a child's right to a stable and permanent placement rises to the level of a federal constitutional right. (See *In re Vincent M., supra*, 150 Cal.App.4th at pp. 1265–1266; *Erika K. v. Brett D.* (2008) 161 Cal.App.4th 1259, 1272 & fn. 7 [75 Cal.Rptr.3d 152].) In any event, there is no dispute that the child's right to stability is a compelling, highly important interest that must be balanced against the parental right to custody. (See *In re Jasmon O., supra*, 8 Cal.4th at p. 419

in essence involves an assertion that the Legislature has not struck a permissible balance when considering these two competing interests and his constitutional right to due process. The contention fails.

■ Preliminarily, to the extent Father is contending that section 3041 permits *detriment* to be established by a preponderance of the evidence standard, this claim is incorrect. Section 3041, subdivision (b) provides that detriment must be shown by *clear and convincing evidence*, subject to subdivision (d). Under subdivision (d), *de facto parent status* may be established by a *preponderance of the evidence*, and once shown, this status creates a rebuttable presumption of detriment. Reading the statutory provisions together, the statute does not alter the ultimate clear and convincing evidence standard imposed on a nonparent, including a de facto parent. Rather, the statute merely permits clear and convincing evidence of detriment *to be proven* by means of a rebuttable presumption when a nonparent has acted as the child's de facto parent for a substantial period of time. Thus, section 3041, subdivision (d) does not eliminate the clear and convincing requirement for detriment, but simply allows it to be met through the use of a rebuttable presumption.[12]

■ Generally, a state does not violate due process by providing that proof of one fact establishes proof of another fact when there is a rational connection between the two facts. (*Usery v. Turner Elkhorn Mining Co.* (1976) 428 U.S. 1, 28 [49 L.Ed.2d 752, 96 S.Ct. 2882]; *County of San Diego v. Brown* (1978) 80 Cal.App.3d 297, 306–307 [145 Cal.Rptr. 483]; see 1 Witkin, Cal. Evidence (4th ed. 2000) Burden of Proof and Presumptions, § 61, p. 211.) Here, it is rational to infer that removing a child from a long-standing stable home where the child's physical and emotional needs are met constitutes a clear and convincing showing of harm to the child. The Legislature's creation of a rebuttable presumption of clear and convincing evidence of detriment upon a showing of de facto parent status comports with due process.

Although the availability of the presumption arising from de facto parent status relieves the de facto parent of the burden of establishing the

[child has "fundamental" right to stable, permanent placement]; *In re Marilyn H., supra*, 5 Cal.4th at p. 306 [child has "compelling" right to stable, permanent placement].)

[12] Prior to a 2002 amendment to section 3041, the appellate courts had evaluated, with differing results, whether constitutional due process required a clear and convincing evidence standard to award custody to a nonparent over a parent. (Compare *Guardianship of Stephen G.* (1995) 40 Cal.App.4th 1418, 1425 [47 Cal.Rptr.2d 409] [clear and convincing evidence required] with *Guardianship of Diana B.* (1994) 30 Cal.App.4th 1766, 1775–1777 [36 Cal.Rptr.2d 447] [preponderance of the evidence suffices]; see also *Fish v. Fish, supra*, 939 A.2d at p. 1068 [same].) In 2002, the California Legislature amended section 3041 to specify that clear and convincing evidence of detriment was required to award custody to a nonparent over parental objection. (Historical & Statutory Notes, 29E West's Ann. Fam. Code (2004 ed.) foll. § 3041, p. 141.)

detriment/best interest requirements, the presumption is rebuttable by the parent under the lowest preponderance of the evidence standard of proof. Thus, the risk of error is essentially shared equally between the de facto parent (who is afforded the benefit of the presumption after showing de facto status) and the parent (who can rebut the presumption under the lowest standard). Through this equalization of the burdens in the case of de facto parents, the Legislature has recognized the two important, and competing, interests of parental rights and child stability. This balancing of the respective interests comports with due process.

To the extent Father is arguing that, to satisfy constitutional due process, de facto parent status must be shown by clear and convincing evidence, we are not persuaded. By allowing de facto parent status to be shown by the preponderance of the evidence, the risk of error is, again, shared equally between the de facto parent and the parent. Considering the important, and competing, interests at issue—the parent's right to custody and the child's right to stability—the sharing of this risk is appropriate.

## B. *Parental Unfitness*

Father also asserts that section 3041 is unconstitutional because it permits custody to be awarded to a nonparent without a finding of parental unfitness. (§ 3041, subd. (c).) We find no constitutional deficiency. Section 3041, in addition to the best interest of the child requirement, includes a requirement of detriment to the child from parental custody. Considering the competing interests at stake, the use of the detriment standard achieves a proper balance that comports with constitutional due process.

In *In re B. G., supra*, 11 Cal.3d at pages 694–695, our high court noted the shift from a parental unfitness standard to a detriment to the child standard in cases involving the issue of custody to a nonparent: "[P]rior to the enactment of the Family Law Act in 1969, the decisions had held that an award denying custody to the parent in favor of a nonparent could stand only if the parent had been proven to be unfit. . . . [W]ith the enactment of the Family Law Act, the standard of unfitness was dropped and the Legislature created the new rule that in order to award custody of a child to a nonparent the court was required to render a finding that an award to a parent would be 'detrimental to the child' and that such an award to a nonparent was 'required to serve the best interests of the child.' "

The Legislature's use of the detriment to the child requirement instead of the parental unfitness requirement focuses on the child's interest. (See *Guardianship of Zachary H., supra*, 73 Cal.App.4th at p. 67 [there may be circumstances where placement with the parent is detrimental to the child

even though the parent is not unfit].) This is an appropriate balancing of the competing interests in cases involving custody because a custody ruling under section 3041 does not permanently sever the parental relationship, but it does have the potential to severely impact a child's well-being. Because the parental relationship can still be maintained notwithstanding an award of custody to a nonparent, and because of the state's compelling interest in protecting the child's well-being, the Legislature could properly conclude that the determinative factor should be harm to the child rather than parental fitness. (Accord, *Guardianship of Zachary H., supra,* at pp. 61–62.)

■ Father argues that without an unfitness requirement, section 3041 is not narrowly tailored to meet its objectives and thus cannot survive a strict scrutiny evaluation. Based on substantive due process principles, a strict scrutiny standard is typically applied in cases that impact a fundamental liberty interest. (*In re Jesusa V.* (2004) 32 Cal.4th 588, 611 [10 Cal.Rptr.3d 205, 85 P.3d 2]; *Dawn D. v. Superior Court* (1998) 17 Cal.4th 932, 939–940 [72 Cal.Rptr.2d 871, 952 P.2d 1139]; *Jonathan L. v. Superior Court* (2008) 165 Cal.App.4th 1074, 1102–1103 [81 Cal.Rptr.3d 571].) Under this standard, a state may not infringe on an individual's fundamental right unless the countervailing interest is sufficiently compelling to justify the interference and the law is narrowly tailored to serve the countervailing interest. (*Dawn D. v. Superior Court, supra,* at pp. 940–941; *Jonathan L. v. Superior Court, supra,* at pp. 1102–1103; *In re Bridget R., supra,* 41 Cal.App.4th at pp. 1503, 1507.)

The use of the detriment requirement suffices to narrowly tailor the statute. The detriment requirement serves as an impediment—additional to the best interest of the child requirement—that must be overcome to support an award of custody to a nonparent. In custody disputes between *parents*, the only standard that must be met to satisfy constitutional due process is the best interest of the child showing. (See *In re B. G., supra,* 11 Cal.3d at p. 698; *Fish v. Fish, supra,* 939 A.2d at p. 1053 ["In cases in which both parents seek custody . . . 'each fit parent's constitutional right neutralizes the other parent's constitutional right, leaving, generally, the best interests of the child as the *sole standard* to apply . . . .' "].) In contrast, in custody disputes between a parent and a *nonparent*, the detriment showing is also required. As explained in *In re B. G., supra,* at page 698, "As between parents, [the law] permits the court to award custody 'according to the best interests of the child,' but in a dispute between a parent and a nonparent, [the law] imposes the additional stipulation that an award to the nonparent requires a finding that 'an award of custody to a parent would be detrimental to the child.' " Under section 3041, a nonparent will not be awarded custody unless there is "a clear showing that such award is essential to avert harm to the child." (*In re B. G., supra,* at p. 699.) The detriment requirement narrowly tailors the

statute to protect the child's interest with proper acknowledgement of a parent's superior right to custody over a nonparent.

We note that in a recent decision the California Supreme Court recognized that a parental unfitness showing is required to *terminate* parental rights of a custodial parent, and suggested that a statutory scheme that permits a parent to be deprived of custody and then suffer termination of parental rights without a showing of unfitness at some stage of the proceedings may raise constitutional questions. (*Guardianship of Ann S.* (2009) 45 Cal.4th 1110, 1129–1130, 1134–1135 & fns. 16–17 [90 Cal.Rptr.3d 701, 202 P.3d 1089] (*Ann S.*).)[13] These concerns are not present here. In this case, section 3041 was applied in a family law custody proceeding with no future termination of parental rights at issue. Notably, a parent who loses legal and/or physical custody in a family law custody proceeding is not foreclosed from regaining custody based on changed circumstances. (*In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 956 [38 Cal.Rptr.3d 610, 127 P.3d 28].)

We conclude the insertion of a parental unfitness requirement is not constitutionally mandated in section 3041 custody proceedings.

## II. *Merits of Trial Court's Rulings**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[13] In *Ann S.*, the statute at issue was Probate Code section 1516.5, which authorizes a guardian to obtain an order terminating parental rights to permit adoption by the guardian. The *Ann S.* court concluded that the absence of a parental unfitness requirement did not render the statute facially unconstitutional because it did not apply to custodial parents but only affected parents whose rights had been suspended for an extended period of probate guardianship. (*Ann S., supra*, 45 Cal.4th at pp. 1129–1130.) In a companion case to *Ann S.*, the California Supreme Court concluded that the absence of a parental unfitness requirement in Probate Code section 1516.5 could support a constitutional challenge as applied in a particular case, for example, when a fully committed, responsible, and capable parent finds an extended probate guardianship unavoidable under exigent circumstances. (*In re Charlotte D.* (2009) 45 Cal.4th 1140, 1142–1143, 1148–1149 [90 Cal.Rptr.3d 724, 202 P.3d 1109].) When evaluating the probate guardianship statutory scheme (which incorporates section 3041 for use at the custody stage), our high court suggested that the enactment of Probate Code section 1516.5—which permits termination of parental rights solely under the best interest of the child standard— could raise the question of whether the standards applied at the custody stage of the guardianship proceedings provide adequate protection to parental rights. However, the court did not resolve this issue because in the case before it the parent had consented to the guardianship. (*Ann S., supra*, at pp. 1123–1124, 1134–1135 & fns. 16–17.)

*See footnote, *ante*, page 1131.

## DISPOSITION

The order is affirmed. Father to pay his costs on appeal.[15]

Benke, Acting P. J., and Irion, J., concurred.

A petition for a rehearing was denied May 27, 2009, and appellant's petition for review by the Supreme Court was denied August 12, 2009, S173796. Moreno, J., and Corrigan, J., did not participate therein.

---

[15] Uncle and Aunt did not file briefs or appear at oral argument for this appeal.